## Admiralty—Jurisdiction.

EX PARTE GORDON. This was an application by the owner of the British steamer Leversons for a writ of prohibition to restrain the district court of the United States for the district of Maryland, sitting in admiralty, from proceeding further in a cause begun against his vessel to recover damages for the drowning of certain persons in consequence of a collision on Chesapeake bay, caused by the fault of the steamer. The case was decided in the supreme court on January 9, 1882, when the petition for the writ of prohibition was denied. Mr. Chief Justice *Waite* delivered the opinion of the court.

The district courts having the power to hear and decide all cases arising under this jurisdiction when a prohibition is applied for, the question presented is not whether a libellant can recover in the suit he has begun, but whether he can go into a court of admiralty to have his rights determined. Where the injury complained of was the result of a collision it is a subject of admiralty jurisdiction; and the question whether pecuniary damages are to be awarded for the loss of life in the collision may properly be decided by the admi-

ralty court. If the district court entertains such a suit, appeal lies from its decision to the circuit court, and from there, here, if the value of the matter in dispute is sufficient.

Stewart Brown and Arthur Geo. Brown, for petitioner.

John H. Thomas, contra.

The cases cited in the opinion were: The Belfast, 7 Wall. 637; Smith v. Brown, Law Rep. 6 Q. B. 729; The Franconia, Law Rep. 2 P. D. 163; The Guldfaxe, Law Rep. 2 Adm. & Ec. 325; The Explorer, Law Rep. 3 Adm. & Ec. 289; The Charkieh, Law Rep. 8 Q. B. 197.

See *The Leversons*, 10 FED. REP. 753.